## GULF, C. & S. F. RY. CO. et al. v. BAILEY. (No. 1375.)

(Court of Civil Appeals of Texas. Beaumont. May 11, 1926. Rehearing Denied May 19, 1926.)

1. **Appeal and error ⟨⟩760(1)—Court on appeal declined to search voluminous record to ascertain whether assignments presented reversible error.**

Court on appeal does not feel called upon to search record, wherein transcript contains 108 pages and statement of facts is voluminous, to ascertain whether any of the assignments present reversible error, and declined to do so.

2. **Appeal and error ⟨⟩773(4)—In absence of statements from record in brief to show assignments present reversible error, and absence of showing of fundamental error in record, judgment will be affirmed.**

Where appellant's brief fails to present, in connection with assignments of error, statements from record from which court might determine whether assignments present reversible error, without having to search voluminous record for such information, judgment will be affirmed, in absence of showing of fundamental error in record.

Error from Jefferson County Court; C. N. Ellis, Judge.

Suit by W. J. Bailey against the Gulf, Colorado & Santa Fé Railway Company, J. Imhoff & Son, Frank J. Imhoff, and another. Judgment for plaintiff, and two last named defendants bring error. Affirmed.

Wistner & White, of Port Arthur, for plaintiffs in error.

howth, Adams & Hart and F. J. & C. T. Duff, all of Beaumont, for defendant in error.

HIGHTOWER, C. J. This suit was filed in the county court at law of Jefferson county by the defendant in error, W. J. Bailey, against the Gulf, Colorado & Santa Fé Railway Company, Eastern Texas Electric Com-

---

pany, and J. Imhoff & Son, a partnership composed of J. Imhoff and Frank J. Imhoff, alleged to have been doing business under the name of Jefferson County Express Company, to recover the value of a trunk and its contents alleged to have been of the aggregate value of $400.

Defendant in error, as plaintiff below, alleged, in substance, that on or about August 18, 1920, he purchased a ticket and became a passenger on the train of the Gulf, Colorado & Santa Fé Railway Company at Jasper, Tex., for the purpose of being transported as a passenger to the City of Beaumont, in Jefferson county, and that at the time he took passage on the train he checked his trunk with the railway company, and that when he reached the city of Beaumont the trunk was delivered to the Eastern Texas Electric Company, or to J. Imhoff & Son, for the purpose of its being carried as baggage to Nederland in Jefferson county, which was the destination of defendant in error on that occasion; that the Eastern Texas Electric Company operates an interurban line between the city of Beaumont and the city of Port Arthur in Jefferson county, and is a common carrier of passengers between said points, and that it also transports and carries the baggage of such passengers; that there was some kind of an agreement, contract, or arrangement between the Eastern Texas Electric Company and J. Imhoff & Son by which baggage carried over that line was handled by J. Imhoff & Son, the details of which defendant in error was unable to state. Defendant in error then alleged, in substance, that, after checking and delivering his trunk to the Gulf, Colorado & Santa Fé Railway Company, the same, together with its contents, was lost or was never delivered to him by any of said defendants, but that he was unable to state which of them was responsible for the loss of his trunk and baggage, and prayed for judgment against them all for the value of the trunk and its contents.

When the case was called for trial, defendant in error dismissed his suit as against the Gulf, Colorado & Santa Fé Railway Company, and the case proceeded to trial with a jury against the Eastern Texas Electric Company and J. Imhoff & Son, Frank J. Imhoff, and was submitted to the jury upon special issues. Upon the verdict as a whole judgment was entered in favor of defendant in error against the partnership of J. Imhoff & Son and Frank J. Imhoff, individually, for $400, which amount the jury found to be the value of the trunk and its contents, and it was further ordered by the court, in accordance with the findings of the jury, that defendant in error take nothing as against the Eastern Texas Electric Company. From the judgment so entered, J. Imhoff & Son, Frank J. Imhoff, and Frank J. Imhoff, individually, have prosecuted this writ of error. For brevity, we shall refer to plaintiffs in error as appellants, and to defendant in error as appellee.

In their brief in this case, appellants advance 51 assignments of error, under which they submit 6 propositions challenging the judgment against them in this case.

Counsel for appellee have filed objections in this court to a consideration of any of the assignments and propositions advanced by appellants, on the ground that appellants have failed to comply with practically all the rules for briefing causes in this court. We shall not go into detail in mentioning the numerous objections made by counsel for appellee to a consideration of appellants' assignments of error and propositions, but it is a fact that in briefing this case counsel for appellants have failed to comply with practically all the rules for briefing causes in this court. Out of all the assignments of error found in appellants' brief, we find that none of them make any reference whatever to the motion for a new trial that was filed by appellants in this case, and there is no statement in connection with any of them that they were advanced in the motion for a new trial, nor is there any reference to the record where any of them may be found and verified by this court, nor do any of these assignments show that they were filed as independent assignments of error in the trial court. Many of these assignments are grouped and submitted together that have no relation to each other, and present entirely different legal questions. Many of the assignments of error complain of the action of the trial court in refusing special instructions, but these special instructions are not copied in the brief, nor substance thereof stated, nor does there appear in connection with these assignments any reference to the pages of the record where these special charges may be found. A number of the assignments of error complain of the action of the court in rejecting and admitting evidence, but in connection with these matters the bills of exception are not brought forward in the brief, nor the substance thereof stated. In fact, we might say that counsel for appellants have failed almost wholly to make any statement in connection with any of their assignments of error, as required by the rules, but we are left to go to the record in order to ascertain whether any of their assignments of error show any reason for reversal of this judgment.

[1] In a record as voluminous as this is (the transcript contains 108 pages and the statement of facts is voluminous), this court does not feel called upon to search the record in order to ascertain whether any of the assignments present reversible error, and we have declined to do so. It is always the duty of an appellant or plaintiff in error seeking to reverse a judgment of the trial court, to point out by the brief in this court some one or more reversible errors, and counsel are required, under the rules, to

show this by presenting in the brief, in connection with the assignments of error, statements from the record from which this court might determine whether any of the assignments present reversible error, without having to go to a voluminous record for such information. Not only is this true, but counsel for the appellant have the laboring oar in this court, and it should not be placed upon counsel for the appellee by compelling counsel for the appellee to show in his brief, by statements from the record, that there was no reversible error committed by the trial court.

[2] For these reasons, we sustain the objections interposed by counsel for appellee to a consideration of any of the assignments of error presented by appellants, and, there being no suggestion of fundamental error apparent upon the face of the record, it is ordered that the judgment of the trial court be affirmed.